## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**THOMAS RODGERS,**
          **Plaintiff,**

**vs.**                                          **Case No. 3:08cv558/MCR/MD**

**WILSON'S TRUCKING,**
          **Defendant.**

_____

### O R D E R

Plaintiff has filed a complaint under Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. §§ 2000e to 2000e-17,  (doc. 1), a motion to proceed *in forma pauperis* (doc. 2) and a motion for appointment of counsel (doc. 3).  Upon consideration of the financial information filed by plaintiff, leave to proceed *in forma pauperis* should be granted. Because plaintiff is proceeding *in forma pauperis*, he is not responsible for the costs of service.  However, before service can be ordered he must submit one identical service copy of his complaint, with attachments.  Upon receipt of this copy, the court will direct the U.S. Marshals Service to serve the defendant.

Plaintiff's request for appointment of counsel (doc. 3) will be denied.   The appointment of counsel in civil cases such as this one is not a constitutional right; rather, it is "a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner."  *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987); *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999) (the district court "should appoint counsel only in exceptional circumstances.").  The main consideration is "whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court."  *Kilgo v. Ricks*,

983 F.2d 189, 193 (11th Cir. 1993).  Upon reviewing plaintiff's motion and the pleadings in this action, the court finds that there are no exceptional circumstances to merit the appointment of counsel.  The legal issues in this case have been settled in previous cases, and the facts do not appear to be complex.  Moreover, the pleadings filed thus far by plaintiff suggest that he has an ability to communicate his allegations and litigate his case as well as that of the average *pro se* litigant.  If in the future it appears otherwise, plaintiff can then raise the issue for further consideration.

Accordingly, it is ORDERED:

1.  Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED.

2.  Plaintiff's motion for appointment of counsel (doc. 3) is DENIED without prejudice.

3.  Within **thirty (30) days** of the date of this order, plaintiff shall submit one identical copy of the complaint, including attachments.  This case number should be written on the copy.  Failure to do so will result in a recommendation that this case be dismissed.

DONE AND ORDERED this 29th day of December, 2008.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**